LAW OFFICES OF ERIK BABCOCK
ERIK BABCOCK (Cal. 172517)
717 Washington St., 2d Floor
Oakland CA 94607
Tel: (510) 452-8400
Fax: (510) 201-2084
erik@babcocklawoffice.com

Attorney for Defendant
JASON CARUCCI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JASON CARUCCI,<br><br>　　　　Defendant. | Case No. CR 19-cr-00574 BLF<br><br>**STIPULATION CONTINUING CHANGE OF PLEA AND EXCLUDING TIME** |

　　Defendant Carucci is on for a change of plea hearing on September 28, 2020. Defense counsel has not been able to review the proposed plea agreement and discuss it with Mr. Carucci. The final plea agreement was approved by the U.S. Attorney's Office on September 14, 2020. Defense counsel mailed a copy to Mr. Carucci the next day, September 15, 2020. As of the last time defense counsel spoke with Mr. Carucci on September 22, 2020, Mr. Carucci still had not received the plea agreement mailed to him one week earlier.

　　The parties therefore stipulate and agree that the hearing set for September 28, 2020 may be vacated and rescheduled for November 4, 2020.

It is further stipulated that the time from the signing of this stipulation to November 4, 2020 may be excluded from the time in which this case must be brought to trial under the Speedy Trial Act, 18 U.S.C. 3141(h)(7)(A), because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial based on defense counsel's need to investigate and prepare the case.

Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance and exclude time in such circumstances. *See, e.g.*, *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens).  On May 1, 2020, Northern District of California Chief District Judge Phyllis J. Hamilton issued General Order No. 72-2, In Re: Coronavirus Disease Public Health Emergency.  General Order No. 72-2 amends the Court's General Order No. 72, and sets forth the Court's finding that—in light of the state of emergency declared by the President of the United States and California; recommendations by the Centers for Disease Control and Prevention (CDC) to avoid large gatherings of people; and local public health departments' shelter-in-place directives; and the Court's reduced ability to obtain an adequate spectrum of jurors and the limitations on availability of counsel and court staff to be present in the courtroom based on COVID-19—"the current guidance of local and national public health officials requires that courthouses remain closed in order to protect the public health and reduce the size of public gatherings and unnecessary travel."  General Order 72-2 extends the Court's postponement of criminal jury trials and suspension of grand jury proceedings to June 1, 2020.  The Order further directs "[e]ach judge assigned to a criminal trial scheduled before June 1, 2020 will make appropriate findings and enter an order tolling time under the Speedy Trial Act."

The parties stipulate that the ends of justice are served by ordering a continuance in this case outweigh the interest of the public and any defendant's right to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  COVID-19 is a global pandemic.  To avoid the spread of COVID-19, the state of California is currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020).  A number of other states have also ordered people to stay at home. https://www.cnn.com/2020/03/23/us/coronavirus-which-states-stay-at-home-order-trnd/index.html. These realities hamper counsels' ability to meet with the defendant, relevant personnel, and witnesses. Moreover, Defendant wishes to proceed with the change of plea remotely to obviate the need for an in-person hearing and minimize contact with other individuals, consistent with guidance from government officials and health professionals.  A brief continuance is necessary so that the hearing can be scheduled to occur on a teleconferencing platform.  A failure to grant the requested exclusion of time and continuance would therefore unreasonably deny counsel continuity of counsel or deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  A continuance and exclusion of time from September 28, 2020 to November 4, 2020 is therefore appropriate under 18 U.S.C. § 3161(h)(7)(B)(iv), as the ends of justice served the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

**SO STIPULATED**.

DATED: September 25, 2020                              /S/                                                              5
                                                                                JOHN BOSTIC
                                                                                Assistant U.S. Attorney


DATED: September 25, 2020                              /S/                                                         

                                                                                ERIK BABCOCK
                                                                                Attorney for Defendant CARUCCI

/ /

## **ORDER**

For the reasons set forth in this Court's General Order No. 72-2, set forth below in this Order, and set forth in the September 3, 2020 joint stipulation, this Court finds that continuance and exclusion from the time limits applicable under 18 U.S.C. § 3161 from September 24, 2020 to November 4, 2020, is warranted and serves the ends of justice, and outweighs the best interest of the public and the defendant in a speedy trial, in this case. 18 U.S.C. § 3161(h)(7)(A).

Responding to the COVID-19 (Coronavirus Disease) pandemic, numerous states, including California, are currently ordered to shelter in place and "heed the current State public health directives." California Executive Order N-33-20, available at https://covid19.ca.gov/img/Executive-Order-N-33-20.pdf (issued March 19, 2020). These limits serve the public interest in stemming the spread of COVID-19 and therefore serve the ends of justice. 18 U.S.C. § 3161(h)(7)(A). These realities also mean that without the requested continuance, counsel would lack reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Based on these findings, the Court hereby ORDERS that the change of plea is continued to November 4, 2020 at 1:00 PM and that the time between September 24, 2020, and November 4, 2020 is excluded under the Speedy Trial Act.

**IT IS SO ORDERED.**

DATED: September 25, 2020

HON. BETH LABSON FREEMAN
United States District Judge