# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARUCCI,<br><br>Defendant. | Case No. 19-cr-00574-BLF-1<br><br>**ORDER CONSTRUING DEFENDANT JASON CARUCCI'S LETTER AS PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241; DENYING DEFENDANT'S REQUEST DUE TO COURT'S LACK OF JURISDICTION**<br><br>[Re: ECF No. 46] |

On July 7, 2022, Defendant Jason Carucci filed a letter indicating that he did not get credit for approximately twenty months of time served prior to his receiving a 120-month sentence. *See* ECF No. 46. Mr. Carucci requests that the Court correct his sentence computation, asserting that he has exhausted his administrative remedies through the Bureau of Prisons. *See id.* Mr. Carucci appears to be in custody in the Eastern District of California. *See* ECF No. 46-2 (return address indicating Mendota, CA).

The Court construes Mr. Carucci's request as a petition for a writ of habeas corpus. The question is whether Mr. Carucci's request should be construed as a habeas petition under 28 U.S.C. § 2255—a petition challenging the imposition of his sentence—or 28 U.S.C. § 2241—a petition challenging the execution of his sentence. While habeas petitions under 28 U.S.C. § 2255 can be brought before the sentencing court, habeas petitions under 28 U.S.C. § 2241 "must be brought . . . in the custodial court," *i.e.*, the district in which the petitioner is in custody. *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). In the Ninth Circuit, the only exception to this rule is the "escape hatch" provision of 28 U.S.C. § 2255 which permits a federal prisoner to

file a habeas petition pursuant to 28 U.S.C. § 2241 when he or she "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *See Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008). A federal prisoner can only bring a habeas petition under § 2241 after exhausting administrative remedies through the Bureau of Prisons. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

The Court finds that Mr. Carucci's request must be construed as a habeas petition challenging the manner, location or conditions of a sentence's execution under 28 U.S.C. § 2241, and it cannot be construed as a petition under 28 U.S.C. § 2255. The Ninth Circuit has found that petitions "for credit against a federal sentence for time spent in custody prior to sentencing cannot be raised under § 2255." *Hill v. United States*, 927 F.2d 609 (1991). Rather, such a petition should be brought "under 28 U.S.C. § 2241 as a challenge to the lawfulness of [the petitioner's] confinement." *See id.*; *United States v. Espinoza*, 866 F.2d 1067, 1071 (9th Cir. 1988) ("A claim . . . for credit against a federal sentence for time spent in custody prior to sentencing cannot be raised under 28 U.S.C. § 2255."). Further, there is no indication that Mr. Carucci can bring his request pursuant to the "escape hatch" provision of 28 U.S.C. § 2255. *See Harrison*, 519 F.3d at 959.

As the sentencing court for Mr. Carucci, this Court may have had jurisdiction over a habeas petition under 28 U.S.C. § 2255. But the Court does not have jurisdiction over a petition under 28 U.S.C. § 2241, since only the custodial court—the Eastern District of California—has jurisdiction over such a petition. *See Hernandez*, 204 F.3d at 864; *Hill*, 927 F.3d 609 (even if a pro se litigant's habeas petition is construed liberally, "the district court must have had jurisdiction to hear [petitioner's] § 2241 petition").

Courts transfer habeas petitions under § 2241 filed in the wrong court when it is "in the interest of justice." *See Hill*, 927 F.3d 609 (citing 28 U.S.C. § 1631). However, where a petitioner has not exhausted his or her administrative remedies with BOP, courts decline to transfer a petition. *See id.* Here, Mr. Carucci has attached forms addressed to his "unit team" regarding his jail credit issue. *See* ECF No. 46-1. However, in order to exhaust his or her remedies, an inmate must raise his complaint first to the warden of the institution where he is confined, appeal an adverse decision to the Regional Director, and then to the General Counsel of the BOP. *See* 28 C.F.R. 542.15(a). An

inmate's administrative remedies are not finally exhausted until his complaint has been reviewed by the BOP General Counsel. *See id*. Mr. Carucci's claim of exhaustion appears to be based on a lack of response to his complaint at one level of the administrative process. *See* ECF No. 46 at 2; ECF No. 46-1. But "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level"—not a complete denial of his complaint that indicates final exhaustion of his administrative remedies. *See* 28 C.F.R. § 542.18. Accordingly, the Court finds that Mr. Carucci has not shown exhaustion of his administrative remedies with BOP, so "transfer would serve no purpose and is not in the interest of justice." *See Hill*, 927 F.3d 609.

Accordingly, the Court hereby DENIES and DISMISSES Mr. Carucci's request WITHOUT PREJUDICE to refiling it as a habeas petition under 28 U.S.C. § 2241 in the Eastern District of California once Mr. Carucci has finally exhausted his administrative remedies with BOP. The relevant form is attached.

**IT IS SO ORDERED.**

Dated: July 12, 2022

_____
BETH LABSON FREEMAN
United States District Judge

3